IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL BISHOP, | : |
|     Plaintiff, | : |
|         v. | : Civ. Action No. 08-312-JJF |
| C/O QUIERRA WILLIAMS, et al., | : |
|     Defendants. | : |

**MEMORANDUM ORDER**

NOW THEREFORE, IT IS HEREBY ORDERED that:

Plaintiff'S Motion For Leave To Proceed In Forma Pauperis (D.I. 1) is **DENIED**, for the reasons that follow:

Plaintiff, Samuel Bishop ("Plaintiff"), an inmate at the Delaware Correctional Center, Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. At the same time he filed a Motion For Leave To Proceed In Forma Pauperis. (D.I. 1.)

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when

applying the "three strikes rule". <u>Keener v. Pennsylvania Bd. of Probation & Parole</u>, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule" when the prisoner is in imminent danger of serious physical injury. Also, a prisoner who is not proceeding <u>in forma pauperis</u> may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

    Plaintiff, while incarcerated, has filed more than three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted, as follows: <u>Bishop v. Goodwin</u>, Civ. Action No. 94-189-JJF (D. Del. Dismissed Apr. 22, 1994); <u>Bishop v. Dickson</u>, Civ. Action No. 94-331-SLR (D. Del. Dismissed June 28, 1994); <u>Bishop v. Snyder</u>, Civ. Action No. 94-350-RRM (D. Del. Dismissed June 28, 1994); <u>Bishop v. Pankowski</u>, Civ. Action No. 94-361-RRM (D. Del. Dismissed July 7, 1994); <u>Bishop v. Holland</u>, Civ. Action No. 94-365-RRM (D. Del. Dismissed July 11, 1994); <u>Bishop v. Burton</u>, Civ. Action No. 94-367-RRM (D. Del. Dismissed July 8, 1994); <u>Bishop v. Potts</u>, Civ. Action No. 94-368-RRM (D. Del. Dismissed July 11, 1994); <u>Bishop v. Burton</u>, Civ. Action No. 94-369-RRM (D. Del. Dismissed July 13, 1994); <u>Bishop v. Dickson</u>, Civ. Action No. 94-550-JJF (D. Del. Dismissed Nov. 23, 1994); <u>Bishop v. Burton</u>, Civ. Action No. 94-628-LON (D. Del. Dismissed June 27, 1995); <u>Bishop v. Redman</u>, Civ. Action No. 94-630-LON (D. Del. Dismissed June 27, 1995); <u>Bishop</u>

v. Howell, Civ. Action No. 94-675-SLR (D. Del. Dismissed Dec. 16, 1994); Bishop v. Marvel, Civ. Action No. 95-086-JJF (D. Del. Dismissed Feb. 10, 1996); Bishop v. Bifferato, Civ. Action No. 95-204-SLR (D. Del. Dismissed Mar. 30, 1995); Bishop v. Hancock, Civ. Action No. 95-229-JJF (D. Del. Dismissed Oct. 24, 1995); Bishop v. Hawlk, Civ. Action No. 95-659-RRM (D. Del. Dismissed Oct. 24, 1995); Bishop v. Mays, Civ. Action No. 96-087-JJF (D. Del. Dismissed Feb. 21, 1996); and, Bishop v. Burries, Civ. Action No. 97-214-JJF (D. Del. Dismissed Apr. 25, 1997). As a result, Plaintiff may not file another civil action in forma pauperis while incarcerated unless he was in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001).

Plaintiff filed his Complaint on May 22, 2008. He alleges that Defendants failed to protect him when he was assaulted by a fellow inmate on January 14, 2008. Plaintiff received medical treatment as a result of the assault. Other allegations complain of deprivation of personal property and Plaintiff's housing assignment. Plaintiff's Complaint does not allege imminent danger of serious physical injury at the time of the filing of the Complaint. Hence, Plaintiff is not excused from the restrictions under § 1915(g), and he may not proceed in forma pauperis.

For these reasons, Plaintiff's Motion To Proceed <u>In Forma Pauperis</u> is **DENIED**. Plaintiff shall, within **thirty** (30) days from the date of this Order, pay the $350.00 filing fee. If Plaintiff does not pay the filing fee within that time, the Complaint shall be dismissed and the case closed pursuant to 28 U.S.C. § 1915(g).

June 10, 2008
DATE

*[signature]*
UNITED STATES DISTRICT JUDGE