IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMUEL BISHOP, | : | |
| Plaintiff, | : | |
| v. | : | Civ. Action No. 08-312-JJF |
| C/O QUIERRA WILLIAMS, et al., | : | |
| Defendants. | : | |

### OPINION AND ORDER

I.  **BACKGROUND**

Plaintiff, Samuel Bishop, a/k/a Iman R. Malik ("Plaintiff"), a pro se litigant who is presently incarcerated, filed this action pursuant to 42 U.S.C. § 1983. His Motion For Leave To Proceed In Forma Pauperis was denied on the basis that he had three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. (D.I. 5); see 28 U.S.C. § 1915(g). Plaintiff moves for moves for reconsideration of the entry of the "three strikes" Order. (D.I. 6.)

II.  **STANDARD OF REVIEW**

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a court may alter or amend its judgment if the movant demonstrates at least one of the

following:  1) an intervening change in the controlling law; 2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Id.; Dasilva v. Esmor Corr. Services, Inc., 167 Fed. Appx. 303 (3d Cir. Jan 27, 2006).

### III.  DISCUSSION

Plaintiff alleges in his Complaint that he was assaulted by a fellow inmate on January 14, 2008 and that Defendants failed to protect him from the assault.  He was hospitalized for many days following the assault.  His Complaint was filed on May 22, 2008.

In reading his Motion, it appears that Plaintiff believes the case has been dismissed for failure to state a claim.  This is incorrect.  Plaintiff's case has not been dismissed but, rather, the Court has denied him leave to proceed in forma pauperis, and Plaintiff is required to pay the filing fee.  Nor has the Court ruled that the Complaint fails to state a claim.  To the contrary, it does.

Regardless, because in the past Plaintiff has filed more than three cases that were dismissed as frivolous, malicious, or failed to state a claim upon which relief may be granted, he may not file another civil action in forma pauperis while incarcerated unless he was in "imminent danger of serious physical injury" at the time of the filing of his complaint.  28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d

Cir. 2001). Plaintiff filed his Complaint on May 22, 2008, more than four months after the January assault. To invoke the "imminent danger" exception of § 1915(g), an "inmate must make 'specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Johnson v. Warner, 200 Fed. Appx. 270, 272 (4th Cir. 2006) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)). The Complaint does not allege such conduct. Plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, the Court will deny his Motion For Reconsideration.

### IV.   MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff seeks appointed counsel. (D.I. 7.) A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to appointed counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). It is within the Court's discretion to seek representation by counsel for Plaintiff "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain

circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

This case is in its initial stages and service has not yet been effected. It is this Court's practice to dismiss without prejudice motions for appointment of counsel filed prior to service. Based upon the foregoing, Plaintiff's request for appointment counsel will be denied without prejudice, with leave to refile following service of the Complaint.

**V. CONCLUSION**

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion For Reconsideration is **DENIED**. (D.I. 6.) Plaintiff is given **thirty (30) days** from the date of this Order to pay the $350.00 filing fee. If he does not pay the filing fee within that time, the Complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

2. Plaintiff's Motion For Appointment Of Counsel is **DENIED** without prejudice. (D.I. 7.)

\_\_\_\_7-1-08\_\_\_\_  
DATE

_____  
UNITED STATES DISTRICT JUDGE